McCORD, Judge.
Appellant was charged with sexual battery and robbery and was convicted of bare assault (as a lesser included offense of sexual battery) and robbery. He was sentenced to six months imprisonment on the assault conviction and fifteen years for robbery, the sentences to run concurrently. He appeals the conviction and sentence for assault, contending first that the maximum sentence for assault, a second degree misdemeanor, is 60 days imprisonment under § 784.011(2), Florida Statutes, and second that he may not be sentenced for assault as it was a facet of the robbery and thereby violates the single transaction rule.
Appellant is correct as to his first point. As to his second point, however, the assault conviction related only to the sexual battery charge, a separate offense from the robbery. Thus, there was no violation of the single transaction rule.
Affirmed in part and reversed in part and remanded with directions to reduce appellant’s sentence for assault to a maximum of 60 days imprisonment. Such may be accomplished by order and without the necessity of returning appellant to court.
RAWLS, Acting C. J., and SMITH, J., concur.